J-S87011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KELVIN EVERETT PROUGH, | |
| Appellant | No. 1155 MDA 2016 |

Appeal from the Judgment of Sentence May 16, 2016
in the Court of Common Pleas of Clinton County
Criminal Division at No.: CP-18-CR-0000138-2015

BEFORE:  LAZARUS, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED DECEMBER 28, 2016**

Appellant, Kelvin Everett Prough, appeals from the judgment of sentence imposed after his bench conviction of two counts of manufacture of a controlled substance.[1]  We affirm.

We take the following facts from our review of the certified record.  On February 26, 2015, Lois Kyle contacted Sergeant Martin Salinas of the Lamar Township Police Department to report "suspicious activity" at the residence she rented to Appellant.  (Trial Court Opinion, 10/21/15, at unnumbered page 2).  Prior to contacting Sergeant Salinas, Kyle and her granddaughter had entered Appellant's apartment to check the thermostat.  While inside,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

they took cell phone photographs of plants they discovered growing in a hot house inside of the rental unit, and provided the photographs to Sergeant Salinas.

Sergeant Salinas forwarded the photographs to Narcotics Agent Andrew David Sproat of the Office of Attorney General, Bureau of Narcotics Investigation and Drug Control, who immediately identified a psilocybin mushroom grow. Agent Sproat obtained a search warrant for the premises, and Appellant was arrested on two counts each of manufacture of a controlled substance, possession with intent to deliver a controlled substance, and possession of drug paraphernalia.[2]

On June 30, 2015, Appellant filed a motion to suppress the evidence seized pursuant to the search warrant. On October 21, 2015, after a hearing and the parties' submission of briefs, the court denied the motion. On April 14, 2016, the court held a bench trial, entered a guilty verdict on two counts of manufacture of a controlled substance and ordered a presentence investigation report.

On May 16, 2016,[3] the court sentenced Appellant to an aggregate term of four years of probation, restitution, fines, and costs. On May 20,

_____

[2] 35 P.S. §§ 780-113(a)(30) and (32).

[3] The trial court docket lists a guilty plea entered by Appellant on the same day as sentencing. (**See** Criminal Docket, No. CP-18-CR-0000138-2015, at 7). This appears to be an error, because there is nothing in the certified

*(Footnote Continued Next Page)*

2016, Appellant filed a post-sentence motion challenging the restitution award and the suppression ruling. On June 14, 2016, after a hearing on the restitution issue, the court amended the sentencing order by vacating the restitution portion of Appellant's sentence and adjusting the fee amount. Appellant timely appealed.[4]

Appellant raises one issue for our review: "Whether the trial court committed an abuse of discretion/error of law in denying [his] suppression motion and subsequent post-sentence motion when the search warrant at issue was obtained as a result of a clearly deficient affidavit of probable cause?" (Appellant's Brief, at 5) (unnecessary capitalization omitted).

Our standard of review of the court's ruling on a motion to suppress evidence is well-settled.

> Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous.

_(Footnote Continued)_ ────────────

record to suggest Appellant entered a guilty plea. In fact, Appellant himself states that there was a bench trial. (**See** Appellant's Brief, at 6).

[4] Appellant filed a timely concise statement of errors complained of on appeal on July 21, 2016, and the court filed an opinion on July 22, 2016, in which it relied on its October 21, 2015 opinion. **See** Pa.R.A.P. 1925.

> Where, as here, the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

*Commonwealth v. Potts*, 73 A.3d 1275, 1280 (Pa. Super. 2013), *appeal denied*, 83 A.3d 415 (Pa. 2013) (citation omitted).

Appellant argues that the affidavit in this matter failed to show probable cause. (*See* Appellant's Brief, at 8-11). Specifically, he maintains that the affidavit "fail[ed] to establish that Agent Sproat would have had the ability to distinguish psilocybin mushrooms from other varieties by looking at a photograph and because there are no specific and objective facts set forth in the affidavit as to how the agent would have so concluded[.]" (*Id.* at 11). We disagree.

> As we have often indicated, the legal principles applicable when reviewing the sufficiency of an affidavit to determine whether it establishes the probable cause necessary for the issuance of a warrant are well established. Before an issuing authority may issue a constitutionally valid search warrant, he or she must be furnished with information sufficient to persuade a reasonable person that probable cause exists to conduct a search. The information offered to demonstrate probable cause must be viewed in a common sense, nontechnical, ungrudging and positive manner. It must also be remembered that probable cause is based on a finding of the probability, not a *prima facie* showing of criminal activity, and that deference is to be accorded a magistrate's finding of probable cause.

*Commonwealth v. Harrell*, 65 A.3d 420, 436 (Pa. Super. 2013), *appeal denied*, 101 A.3d 785 (Pa. 2014) (citation omitted).

- 4 -

In this case, the trial court found that:

A fair reading of the [a]ffidavit presented to the issuing authority in the instant case permitted the issuing authority to find that probable cause existed for the issuance of the search warrant. The [a]ffidavit clearly states that the [a]ffiant, Agent Sproat, had the background and training to identify [p]silocybin mushrooms and that, upon review of the photograph forwarded by Sergeant Salinas, Agent Sproat recognized the substance/grow in the photograph as a "live [p]silocybin mushroom grow."

(Trial Ct. Op., at unnumbered page 7). We agree.

In the affidavit, Agent Sproat stated that he has worked in law enforcement generally since 2001, and narcotics specifically since 2008. (**See** Appellant's Motion to Suppress, 7/30/15, at Exhibit A, Application for Search Warrant and Authorization with attached Affidavit of Probable Cause, at 4).[5] He has investigated hundreds of drug cases; encountered multiple types of illegal drugs, including psilocybin mushrooms; and has worked undercover to purchase drugs on a regular basis. (**See id.** at 4-5). Agent Sproat is qualified as an expert in drug investigations, and has received specialized police training in multiple areas, including drug identification and recognition, and evidence collection. (**See id.** at 5). The affidavit of probable cause stated that, while walking through Appellant's apartment, Ms. Kyle observed a hot house and mushrooms lying on top of a Tupperware container, which she photographed and sent to law enforcement. (**See id.**

_____

[5] For ease of disposition, we have re-numbered all of the pages of Exhibit A consecutively.

at 9-10). Based on his training and experience, Agent Sproat recognized that the photograph sent by Sergeant Salinas depicted a live psilocybin mushroom grow. (**See id.** at 9). Agent Sproat concluded, based on his training and experience, that Appellant was "growing and trafficking [p]silocybin mushrooms, a schedule I controlled substance within Clinton County Pennsylvania[,]" and requested the issuance of a search warrant to obtain specific items "commonly found in possession of or in the vehicles, residences or grow houses of those involved in illegal drug dealing and drug activities." (**Id.** at 14-15; **see also id.** at 2-3 (items to be searched for and seized)).

Based on the above information, as well as our independent review of the extensive information contained in the affidavit as a whole, we conclude that the trial court properly denied Appellant's motion to suppress where the issuing authority had sufficient probable cause to issue a search warrant. **See Potts**, **supra** at 1280; **Harrell**, **supra** at 436.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/28/2016

- 6 -